**Dated: February 22, 2021**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
**SARA LYNN ROSE-BROWNFIELD**  Case No. 18-80342-TRC
                                Chapter 7

        Debtor.

## OPINION

Before the Court is Debtor's Motion to Avoid Judgment Lien of Fidelity Insurance Company (Docket Entry 20) and Response in Opposition filed by International Fidelity Insurance Company (Docket Entry 26). The Court held an evidentiary hearing on this Motion. Based upon the stipulations of the parties, the evidence and arguments presented therein, and applicable legal authority the Court finds that the Motion should be granted and the lien avoided.

## Jurisdiction

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 157(a). Disputes regarding the avoidance of liens and impairment of claimed exemptions are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

### Findings of Fact

Pursuant to the Pretrial Order entered by this Court, the parties stated that there were no issues of fact. They stipulated to the following facts:

1. International filed a "Statement of Judgment" in the amount of $30,829.26 plus interests and court costs against the Debtor on March 23, 2017 with the Office of the County Clerk for Cherokee County, State of Oklahoma, Doc # I-2017-002157 Book 1171 Page 915 (the "Statement of Judgment").

2. The Debtor filed a Chapter 7 Voluntary Petition on April 20, 2018 in the United States Bankruptcy Court for the Eastern District of Oklahoma, Case No. 18-80342 (the "Bankruptcy Case").

3. At the time of the filing of the Debtor's Chapter 7 Voluntary Petition, the Debtor held an interest in real property located at 813 Sasha Lane, Tahlequah, Oklahoma, 74464 (the "Residence").

4. The Debtor listed the Residence on her filed Schedule A, noting that the property was subject to a "$124,000 mortgage owed to Armstrong Bank, mortgage is in non-filing spouse's name only; possible." The Debtor further claimed the Residence as fully exempt on her filed Schedule C.

5. The Debtor listed International as an unsecured, non-priority debt in the amount of $80,829.26 on her filed Schedule E/F.

6. The appointed Chapter 7 Panel Trustee filed a "Report of No Distribution" in the Bankruptcy Case on June 18, 2018.

7. The deadline to object to the exemptions claimed by the Debtor was July 13, 2018. No objection to the Debtor's claimed exemptions was filed in the Bankruptcy Case.

8. On August 15, 2018, the Court entered an *Order of Discharge* in the Bankruptcy Case.

9. A *Final Decree* was entered in the Bankruptcy Case on August 30, 2018.

10. On October 4, 2018, International filed a *Petition for In Rem Declaratory Judgment and Implied Trust* against Debtor, Debtor's spouse Oscar J. Brownfield, and Armstrong Bank, (the "Petition") in the District Court of Cherokee County, State of Oklahoma, Case No. CV-2018-164 (the "State Court Case"). The Petition states that Paladin General Contractors, LLC ("Paladin") was the record title holder of the Residence, that Paladin was administratively dissolved in October 2015 and therefore seeks a declaratory judgment that the Homestead was effectively owned by Paladin's co-owners Oscar J. Brownfield and Sara L. Rose-Brownfield. The Cherokee County court has not yet ruled on Creditor's request as made in the Petition.

11. The Debtor filed a *Motion to Reopen Bankruptcy Case* in the Bankruptcy Case on February 5, 2020 for the purposes of avoiding the judgment lien created by Statement of Judgment filed by International.

In addition to these facts, the Court finds:

12. Debtor moved into the Residence during 2015. She used some proceeds from the sale of a home in Washington State to make improvements in the Residence.

13. International received notice of Debtor's bankruptcy when it was filed and filed a Proof of Claim.

14. Debtor's spouse was unable to refinance the mortgage on the Residence due to the existence of International's judgment lien filed in the land records of Cherokee County.

## Conclusions of Law

Debtor seeks to avoid International's judgment lien pursuant to 11 U.S.C. § 522(f). The applicable portions of that statute provide that

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) . . . .[1]

As movant, Debtor must establish that International's judicial lien impairs an exemption she would be entitled to but for the lien. Lien avoidance is part of the overall scheme under federal bankruptcy law to provide debtors with a fresh start by allowing them to emerge from bankruptcy free from certain liens that encumbered their exempt property. *See In re Richardson*, 224 B.R. 804, 808-09 (Bankr. N.D. Okla. 1998). State law determines the type of property that is exempt; that is, the specific property it reserves to its residents "exempt from attachment or execution and . . . forced sale for the payment of debts . . . " including "[t]he home of such person, provided that such home is the principal residence of such person . . . ." OKLA. STAT. TIT. 31, § 1(A)(1).

The parties stipulated that Debtor held an interest in the Residence when she filed this case. They also stipulated that she claimed the property exempt as her homestead. International did not challenge that exemption during the case nor at the lien avoidance evidentiary hearing. And they agree that International registered its judgment against Debtor in Cherokee County and filed that judgment in the land records to operate as a judicial lien against the Residence property. There was no suggestion that International's lien did not impair Debtor's claim of

---

[1] Section 523(a)(5) is a debt for a domestic support obligation.

exemption. Although the value of Debtor's exemption was unknown, the parties indicated that the sum of International's lien of $30,829.26 plus the mortgage lien of $124,000 likely exceeded the value of the property. Thus, the liens would exceed Debtor's interest in the property and impair her exemption pursuant to the formula for calculating impairment in § 522(f)(2)(A). Further, Debtor testified that her spouse had been unable to refinance the mortgage due to the existence of International's judgment lien filed in the land records of Cherokee County. Based on the stipulations and the fact that the existence of this lien would impair her right to the claimed exemption, Debtor has satisfied her burden to avoid International's lien.

These stipulations were affirmed by the Debtor and International's corporate representative Leah Schoen at the evidentiary hearing. Debtor testified that she moved into the Residence with her husband in 2015, several years before she filed bankruptcy. Schoen testified that International had notice of Debtor's bankruptcy, that Debtor had listed a possible marital interest in the Residence on Schedule A/B, and had claimed the Residence exempt as her homestead on Schedule C. Schoen further testified that International agrees that Debtor holds an interest in the Residence, noting that it did not believe that her claimed homestead exemption was an issue during the case, and that it did not challenge Debtor's exemption pursuant to Fed. R. Bankr. P. 4003(b)(1). International believed that its lien could not be discharged in bankruptcy.

Its position now in challenging Debtor's Motion is that it is too late for Debtor to avoid a lien after her bankruptcy case had been closed. This assertion that Debtor was required to file her motion to avoid its lien before her case was closed is in error. There is no deadline identified in the Bankruptcy Code or Rules for filing a motion to avoid lien. *See* Fed. R. Bankr. P. 4003. It is

common practice for bankruptcy cases to be reopened to avoid liens filed before the bankruptcy was filed where unknown or where a creditor attempts to assert such lien after the case is closed.

International also argues that Debtor is judicially estopped from trying to avoid its lien because she has changed her position from one of having no interest in the Residence to now claiming in this Motion that she has an interest, and that it would be inequitable for the Court to avoid its lien. Specifically, International argues that: 1) her claim of homestead need not be challenged in this forum but is a question for the state court to decide, 2) her discharge was improper because she misled the Court and the Chapter 7 trustee in her bankruptcy petition by stating that her ownership interest in the property was zero or unknown when in fact it was a much greater amount, and 3) she would gain an unfair advantage by avoiding a lien for a debt she clearly owed. The Court will address each of these arguments.

Although given the opportunity to do so, International's counsel suggested that it need not challenge Debtor's claim of homestead in this proceeding, suggesting that it need only do so in the state forum. As clearly stated in § 522(f)(1)(A) and in Fed. R. Bankr. P. 4003(b)(1), a judicial lien is avoidable if it impairs an exemption to which a debtor would be entitled, and a creditor may challenge a claim of exemption when debtor seeks to avoid its lien. While Congress has allowed states to determine what property its residents may claim as exempt, "federal law exclusively governs the field of lien avoidance . . . ." *Richardson*, 224 B.R. at 808. Courts considering motions to avoid liens or ownership interests are often called on to consider and apply state law within the framework of the Bankruptcy Code. This Court routinely encounters exemption claims under Oklahoma law and is very familiar with the Oklahoma exemptions for homestead and personal property.

International provided no evidence challenging the Debtor's homestead exemption, but stipulated that she claimed the exemption on Schedule C. Debtor has lived in the Residence since 2015. There were no allegations that she has lived anywhere else or claimed any other property as her home from 2015 to present. She has always designated and occupied this property as her homestead. *See* 4 Collier on Bankruptcy P 522.10 (16th 2020). As previously cited, the only requirement for claiming a homestead exemption under the Oklahoma exemption statute in Title 31 is that the home claimed be "the principal residence of such person." Record title to the homestead is not required to claim a homestead exemption in the property.

> Homestead is not an incidence of ownership. Nor does its presence or non-presence change ownership of the land. Nothing like it is known at common law. It is a special and peculiar interest in real property, the domicile of the family, which vests jointly in husband and wife for the benefit of the entire family although the title to the land may be entirely in one spouse.

*In re Arnold*, 2003 OK 63, ¶ 8, 73 P.3d 861 (citations omitted). Moreover, as the Oklahoma Supreme Court has explained:

> [h]omestead interest is a creature of the Constitution and statutes and is vested jointly in the husband and wife for the benefit of themselves and family without regard to which spouse has title to the property. Homestead rights may attach to any possessory interest in real estate which constitutes the dwelling place of the family regardless of the nature or character of the title or of the estate therein. Naked possession without any title or interest whatsoever may, under some circumstances, be sufficient as against all the world except the true owners and those claiming under them.

*Van Meter v. Field,* 1945 OK 173, ¶ 9, 159 P.2d 546 (citations omitted).

Oklahoma law is also instructive regarding property interests that debtors may possess at filing which are included in the bankruptcy estate as defined in § 541 of the Bankruptcy Code. To avoid a lien, it must impair an interest a debtor has in an exempt asset. The parties have stipulated that Debtor had an interest in the Residence when she filed bankruptcy; the cited Oklahoma law and cases affirm that a homestead right is an interest in real property. *See* Okla.

Const., Art. 12, §§ 1 & 2. As the U.S. Supreme Court defines it, property of the estate consists of "all the interests in property, legal and equitable, possessed by the debtor at the time of filing . . ." *Owen v. Owen,* 500 U.S. 305, 308 (1991). This definition is extremely broad. Marital interests in property are included. Schedule A/B requires debtors to list any ownership interest or legal or equitable interest in any residence, building, land or similar property. Debtor answered "Yes" on Schedule A/B to indicate and disclose that she owned a legal or equitable interest in the Residence, describing it as a possible marital interest with an unknown value.

The Court does not find that Debtor has changed her position in this case regarding an interest in the Residence. She clearly disclosed her potential interest in Schedule A/B. She clearly claimed a homestead exemption in that property. It is upon these claims that she bases her motion to avoid International's lien. She identified Armstrong Bank's mortgage held by her non-filing spouse. International is listed as a creditor and acknowledges that it received notice of and monitored her case. No action was taken to deny her discharge or challenge her disclosures. International has presented no grounds to object to Debtor's avoidance.

Finally, International's argument that it would not be fair to discharge "a debt that she clearly owed" is unavailing. The purpose of bankruptcy is to give debtors a fresh start by shedding debts that they owed but cannot pay. Part of the fresh start includes lien avoidance on exempt assets. *See Richardson*, 224 B.R. at 808.[2] This argument is insufficient to defeat Debtor's motion.

## Conclusion

Debtor has met her burden of proof to prevail on her Motion to avoid International's lien

---

[2] International did not seek to except the underlying debt from discharge pursuant to § 523(c). *See also* Fed. R. Bankr. P. 4007.

on her homestead. The Court will enter a separate order granting her Motion concurrently herewith.

###